372     APPELLATE COURTS OF ILLINOIS.

Thorne v. Southern Illinois Ry. & Power Co., 206 Ill. App. 372.

## M. E. Thorne, Appellee, v. Southern Illinois Railway & Power Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by M. E. Thorne, plaintiff, against the Southern Illinois Railway & Power Company, defendant, to recover for damage alleged to have been sustained by plaintiff to her property in the construction and operation of defendant's railroad. From a judgment for plaintiff for $50, defendant appeals.

WHITLEY & COMBE, for appellant; MARSH, STILWELL & FINNEY, of counsel.

A. E. SOMERS, for appellee; GEORGE M. MILEY, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 421*—*when value of property need not be established by expert testimony.* In an action by the owner of lots against a railroad company to recover damages sustained by the construction and operation of the railroad of the defendant in front of said lots, where the principal damage claimed was that occasioned by excavation in the street, and it was claimed that plaintiff's witnesses were not sufficiently acquainted with the value of property in the community in question to qualify them to testify, *held* that the value of property in such cases need not be estab-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thorne v. Southern Illinois Ry. & Power Co., 206 Ill. App. 372.

lished by persons engaged in buying and selling real estate, and as the evidence disclosed that the witnesses had some knowledge of the value of the property and were in some degree qualified, the extent of their knowledge was a matter affecting their credibility and the weight to be given to their testimony.

2. Appeal and error, § 1540*—*when reference to declaration in instruction is harmless.* While the practice of referring to the declaration in an instruction has frequently been criticised, such reference does not constitute reversible error.

3. Appeal and error, § 1561*—*when refusal of instruction is harmless error.* It is not reversible error to refuse an instruction which might properly have been given, where such instruction is substantially covered by other given instructions.

4. Railroads, § 224*—*when instruction in action to recover for injury to lots due to excavations in construction of railroad is not erroneous.* Where, in an action to recover for damage to lots caused principally by excavations in connection with the construction and maintenance of a railroad in front of said lots, an instruction was complained of on the ground of raising an issue as to whether plaintiff's "legal right" of ingress or egress, as distinguished from her means of egress and ingress, had been damaged, *held* that the instruction was not susceptible of such technical construction, especially when considered in connection with the facts in proof and the other instructions.

5. Instructions, § 87*—*when instruction on degree of proof is not erroneous.* Where an instruction read as a whole correctly states the law as to the degree of proof required, the fact that portions of it read alone may be open to the objection that the instruction did not require the jury to find the facts therein stated by a preponderance of the evidence, does not render the instruction erroneous.

6. Railroads, § 224*—*when refusal of instruction on determination of damage to property due to construction of railroad is proper.* In an action to recover for damage to lots caused principally by excavations in connection with the construction and maintenance of a railroad in front of the lots, where the defendant complained of the refusal of an instruction telling the jury that any damage to plaintiff's premises must be considered as a damage to her property as a whole, and that an inconvenience of ingress and egress to a portion of the premises was not necessarily a damage to the whole of the premises, *held* that while such statement as an abstract proposition of law had been approved, it was not error to refuse the instruction, for the reason that the property involved

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was small in area, and all of it was used as one residence prop-
erty, and therefore a damage to any part would almost necessarily
be a damage to the whole.

7. INSTRUCTIONS, § 159*—*consideration as a series.* Instructions
must be considered as a series and not singly, and therefore, al-
though instructions in a case may not in every respect be formal
and accurate, yet if taken as a whole they fully and fairly advise
the jury of the law applicable to the facts in proof, no reason for a
reversal will be afforded.